Nathaniel JONES–BEY, Plaintiff,

v.

Charles WRIGHT, Michael T. Scott, Dr. Thomas Loy M.D., Michael Lavanhagan, Nurse Elabling, Defendants.

No. 3:93cv0440 AS.

United States District Court, N.D. Indiana, South Bend Division.

Jan. 11, 1995.

Nathaniel Jones–Bey, pro se.

Seth M. Lahn, Indianapolis, IN, for defendants.

## MEMORANDUM & ORDER

ALLEN SHARP, Chief Judge.

### I. HISTORY

Plaintiff, Nathaniel Jones–Bey (hereinafter "plaintiff" or "Jones–Bey"), is presently an inmate at the Maximum Control Complex (hereinafter "MCC") in Westville, Indiana. On August 3, 1993, he filed the present action under 42 U.S.C. § 1983, against various defendants, including officers and officials of the MCC, alleging that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights under the Eighth Amendment. To date, one of the named defendants, Dr. Thomas D. Foy, has not been served with the summons and complaint. This Memorandum and Order addresses the issues surrounding the service of Dr. Foy.

Incarceration obviously limits the ability to serve a defendant; thus, prisoners use the United States Marshal to serve the summons and complaints of their lawsuits. On June 14, 1994 plaintiff completed Form USM–285 Process Receipt and Return. On August 5, 1994 the Marshal acknowledged receipt of Form 285. On August 6, 1994 the Marshal mailed the summons to Dr. Foy at the MCC by certified mail. The summons was returned to the clerk of the court with the notations "Sent back, no longer works here" and "Moved, not forwardable." Under "Remarks" on Form 285 the Marshal noted "Returned unexecuted; sent back, no longer works here." There is no evidence that the marshal made any further attempts to serve Dr. Foy.

On February 25, 1994, this case was referred to Magistrate Judge Robin D. Pierce. On October 28, 1994, Magistrate Pierce issued an order directing the plaintiff to show cause by April 15, 1994, why service was not made within 120 days after the filing of the complaint. The plaintiff subsequently filed a statement on April 12, 1994 which sought to demonstrate good cause. Magistrate Pierce found good cause existed and granted the plaintiff an additional sixty (60) days to effect service.

During this additional sixty days, plaintiff discovered that Mr. Bobay was counsel for Dr. Foy in an unrelated case. Mr. Jones–Bey attempted to serve Mr. Bobay as attorney for Mr. Foy, but Mr. Bobay refused service indicating that he was not authorized to accept service. On May 25, 1994 Magistrate Pierce issued an order stating "service of process upon Dr. Foy through his attorney is not authorized." Eventually Mr. Bobay entered his appearance for Dr. Foy, and moved to dismiss alleging that the plaintiff had failed to serve Dr. Foy as required by Rule 4(m) of the Federal Rules of Civil Procedure.

Rule 4(m) states

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

On September 13, 1994, Magistrate Pierce submitted to this court his Report and Recommendation. In a careful analysis the

Magistrate observed that those prosecuting their case *pro se* are expected to comply with the Federal Rules of Civil Procedure. Magistrate Pierce found that plaintiff failed to comply with Rule 4(m) and granted Dr. Foy's Motion to Dismiss. Initially, this court agreed with Magistrate Pierce and approved his decision in an order dated October 11, 1994. Admitting that "this court is mandated to greatly indulge *pro se* plaintiffs" (*Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), this court observed that such indulgence "will not cause this court to attempt to wave some kind of a magic judicial wand over this case and bring a defendant into it who has not been served with process."

On October 24, 1994 Mr. Jones–Bey filed a Motion For Extension of Time to File Notice for Reconsideration to Court's Approval of Magistrate's Report and Recommendation. Although docketed as a "NOTICE" entry, this court treats that October 24, 1994 motion as one requesting an extension of time. Plaintiff is hereby **GRANTED** such extension. On October 28, 1994 plaintiff timely filed a Motion to Reconsider.

Subsequent to his Motion for Reconsideration, plaintiff had a teleconference with Magistrate Pierce. At or about the time of that teleconference, plaintiff apparently obtained a new address for Dr. Foy and submitted a copy of his original complaint as well as a summons with Dr. Foy's new address. The plaintiff's Motion to Reconsider was still pending, so as far as the Magistrate knew, the original complaint was still dismissed. Therefore, the Magistrate indicated that the complaint accompanying Dr. Foy's new summons would be treated as an Amended Complaint. Unfortunately for the plaintiff, the Magistrate noted that even if Dr. Foy was served with the amended complaint, it appeared that the plaintiff has exhausted his statute of limitations. However, the Magistrate indicated that he was willing to address the statute of limitations issue after Dr. Foy had been served.

## II. ISSUE

The ultimate issue is whether Mr. Jones–Bey has shown good cause for not effecting service of process under Rule 4(m) of the Federal Rules of Civil Procedure. However, to resolve that issue, this court has determined that it must first decide to what extent must a United States Marshal attempt to serve a former state prison employee on behalf of an incarcerated inmate?

## III. DISCUSSION

▮ This court **GRANTS** the plaintiff's motion to reconsider. This court has had the opportunity to recently reexamine and clarify the problems and issues surrounding *pro se* prisoner's attempts to effect service of process upon defendants to their lawsuits. During that opportunity this court carefully examined the case law of the 7th Circuit. After reviewing such case law and after carefully examining the record, this court finds that because the marshal did not complete the procedures required by *Sellers v. United States*, 902 F.2d 598 (7th Cir.1990), the plaintiff had good cause for failing to adhere to the requirements of Rule 4(m). *Id.* at 602; *cf. Del Raine v. Williford*, 32 F.3d 1024 (7th Cir.1994). *Sellers* requires that the following additional procedures be observed when a state prison inmate sues, without the assistance of counsel, a state employee, or former state employee, who is no longer employed at the prison by the time of suit:

1. Upon receipt of a marshal's return indicating that the defendant is no longer employed at the institution, the clerk shall, without further order of this court, provide the marshal with an additional copy of the complaint and a summons form setting forth the defendant's name, with no address.

2. The marshal shall inquire of the institution or Department of Correction to learn the defendant's last known address, which shall not be disclosed to the clerk's office or to any other party in the case. If the marshal obtains such an address for the defendant, the marshal shall attempt service of the defendant at that address, but shall not be required to make further efforts to locate the defendant.

3. The marshal shall make a return of service indicating that either: (a) the defendant was served, or (b) the defendant could

not be found at the last known address obtained from the institution or Department of Correction, or (c) the institution or Department of Correction had no address for the defendant, or (d) the institution of Department of Correction declined to disclose any address for the defendant. The return shall not disclose any address provided by the institution or Department or Correction. The marshal shall hold the address in confidence, and is not to divulge it to any person except by order of this court. This order is solely intended to implement present law. Nothing in this order shall be construed as providing any party with any right to information or process beyond that otherwise required by law.

## IV. CONCLUSION

For the reasons listed above, this court hereby:

(1) construes plaintiff's October 24, 1994 motion as a Motion to Enlarge Time and **GRANTS** such motion;

(2) **GRANTS** plaintiff's October 28, 1994 Motion to Reconsider;

(3) **VACATES** this Court's October 11, 1994 order insofar as it grants Dr. Foy's motion to dismiss;

(4) **DENIES** Dr. Foy's July 15, 1994 Motion to Dismiss;

(5) **STRIKES** the first amended complaint and **ORDERS** that the original claim filed August 3, 1993 be reinstated as of August 3, 1993; and,

(6) **ORDERS** the marshal and the clerk to comply with the above listed procedure for effecting service of process upon Dr. Foy.

**IT IS SO ORDERED.**